UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON



| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No. 3:25 cr 007 |
| Plaintiff, | : | |
| | : | I N D I C T M E N T |
| v. | : | |
| | : | 18 U.S.C. § 922(g)(1) |
| **OLLIE J. ARNOLD III,** | : | 21 U.S.C. § 841(a)(1) |
| | : | 21 U.S.C. § 856(a)(2) |
| Defendant. | : | FORFEITURE |

WALTER H. RICE

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)]

On or about January 23, 2025, in the Southern District of Ohio, defendant **OLLIE J. ARNOLD III** knowingly and intentionally possessed with intent to distribute:

    a.    50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and

    b.    a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT TWO

[21 U.S.C. §§ 856(a)(2)]

On or about January 23, 2025, in the Southern District of Ohio, defendant **OLLIE ARNOLD III** knowingly and intentionally controlled any place -- namely, 827 Brooklyn Avenue, Dayton, Ohio -- whether permanently or temporarily, as an owner and occupant, and in doing so, knowingly and intentionally made available for use, with and without compensation, the place -- namely, 827 Brooklyn Avenue, Dayton, Ohio -- for the purpose of unlawfully storing, distributing, and using a controlled substance.

In violation of Title 21, United States Code, Section 856(a)(2).

COUNT THREE

[18 U.S.C. §§ 922(g)(1) and 924(a)(8)]

On or about January 23, 2025, in the Southern District of Ohio, defendant **OLLIE J. ARNOLD III**, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, and this firearm was in and affecting commerce, and had been shipped and transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

**FORFEITURE ALLEGATION ONE**

Upon conviction of one or more of the offenses set forth in Counts One through Two of this Indictment, defendant **OLLIE ARNOLD IIII** shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s), including but not limited to:

- a 300 Blackout rifle

- .223 American Tactical rifle
- a Glock 29
- various rounds of ammunition
- $890.00 in U.S. Currency

## FORFEITURE ALLEGATION TWO

Upon conviction of the offense set forth in Count Three of this Indictment, defendant **OLLIE ARNOLD III** shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in such violation(s) including, but not limited to, the firearms and ammunition named in Forfeiture Allegation One.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which

cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL

S/_____
Foreperson

KENNETH L. PARKER
United States Attorney

BRENT G. TABACCHI
Assistant United States Attorney